# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JERKERRIS GRIFFIN, individually
and on behalf of all others
Similarly situated,

                   Plaintiff,

v.                                                      Case No. 8:23-cv-01490-SDM-AAS

PUBLIX SUPER MARKETS INC.,

                   Defendant.
_____/

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted a telephonic planning conference on January 3, 2024. Will Wright and Spencer Sheehan, counsel for Plaintiff, and August Horvath, counsel for Defendant, attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 1/31/2024 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 2/21/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). Plaintiff | 1/9/2025 |
| Defendant | 2/7/2025 |
| Rebuttal | 2/21/2025 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 3/28/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | 1/9/2025 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 6/6/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | 12/27/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 9/12/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 10/3/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 10/17/2025 |
| Month and year of the trial term. | November 2025 |

The trial will last approximately 5 - 7 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

Plaintiff alleges Defendant's cereal bars purporting to be filled with fruit and natural fruit flavors sold under the Publix Brand (the "Product") are labeled in a way that misleads consumers because the Product is made with artificial flavors.

Defendant contends that Plaintiff has failed to state a claim for numerous reasons, including that no misleading claim is made on the product and Plaintiff cannot plausibly allege consumer deception. Defendant denies that Plaintiff or anyone else was misled by the labeling of the Product, denies that Plaintiff or the putative class have viable causes of action as alleged, and denies that this action should be certified as a class.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes:

   B. Discovery may be needed on these subjects:

      The subjects of Plaintiff's discovery include the marketing and labeling of the Product, Defendant's studies of consumer interpretation of the label, and its pricing.

      The subjects of Defendant's discovery include issues surrounding Plaintiff's purchasing history, including her purchase of the Product, allegations of deceptive conduct, Plaintiff's alleged expectations and use of the products, alleged injuries, the alleged warranties, and the materiality of and reliance on any alleged statements. Defendant will also focus the viability of these claims for class treatment and Plaintiff's suitability to represent a putative class or classes. Defendant further intends to depose Plaintiff.

   C. Discovery should be conducted in phases:

    ☒ No.
    ☐ Yes;

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

    ☒ No.
    ☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

    ☒ No.
    ☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

| | |
|---|---|
| */s/ Will Wright* | */s/ August T. Horvath* |
| Willam Wright | August Horvath |
| willwright@wrightlawoffice.com | ahorvath@foleyhoag.com |
| The Wright Law Office, P.A. | Foley Hoag LLP |
| 515 N Flagler Dr Ste P300 | 1301 Ave of the Americas 25 Fl |

5

West Palm Beach FL 33401
Tel: (561) 514-0904

Spencer Sheehan
spencer@spencersheehan.com
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
Tel: (516) 268-7080
*Pro Hac Vice forthcoming*

***Attorneys for Plaintiff***

New York NY 10019
Tel: (212) 812-0400
*Admitted Pro Hac Vice*

***Attorneys for Defendant Publix Super Markets Inc.***