UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERKERRIS GRIFFIN,

     Plaintiff,

v.                          CASE NO. 8:23-cv-1490-SDM-AAS

PUBLIX SUPER MARKETS, INC.,

     Defendant.

_____/

**<u>ORDER</u>**

On behalf of a purported class of Publix customers in Georgia and Florida, Jerkerris Griffin sues Publix Super Markets, Inc., and alleges that the labels shown below are false and misleading. Publix moves (Doc. 19) to dismiss.






According to Griffin, despite each label's stating that the bars are "naturally flavored," the Publix-brand "fruit & grain cereal bars" derive flavor from an artificial type of "malic acid," not the natural type of malic acid found in apples and strawberries. Griffin alleges that each label's failure to state that the bars contain "artificial flavors" misleads consumers and permits Publix to sell the bars at "a premium price, approximately $2.99 for 8 bars." Griffin asserts a claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) and under the Georgia Fair Business Practices Act (GFBPA).

To assert a claim under FDUTPA, Griffin must allege facts sufficient to establish (1) that the label includes a deceptive "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances"; (2) that deceiving the consumer is "probable, not possible"; and (3) that the deception is "likely to cause injury to a reasonable relying consumer." *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003), and quoting *Millennium Commc'ns & Fulfillment, Inc. v. Off. of Att'y Gen., Dep't of Legal Affs., State of Fla.*, 761 So. 2d 1256, 1263 (Fla. 3d DCA 2000)). Similarly, to assert a claim under GFBPA, Griffin must establish that the label includes a "material representation" that is "likely to mislead customers acting reasonably under the circumstances." *F.T.C. v. Tashman*, 318 F.3d 1273, 1277

(11th Cir. 2003).[1]  Griffin must plausibly allege that he suffered some injury because of the alleged violation of the GFBPA.  *Moore-Davis Motors, Inc. v. Joyner*, 556 S.E. 2d 137 (Ga. App. 2001).  Well-pleaded allegations are assumed true, but the allegations must establish more than "a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal."  *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1246 (11th Cir. 2005) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

None of the labels state that the bars lack artificial flavor or that the bars include only flavor from a "natural" strawberry or apple.  Two of the labels omit any claim that the bars are "naturally flavored"; one label omits entirely any mention of "natural."  Griffin does not (and likely cannot) allege that the bars lack at least some "natural" flavor.

Griffin contends that each label's failure to state that the bars contain some artificial flavor is an omission likely to deceive a "consumer acting reasonably."  But Griffin's deductions and legal conclusions cannot support his claims.  Griffin alleges no well-pleaded fact establishing that the omission of a statement explaining that the bars contain artificial flavor would "probabl[y], not possibl[y]," deceive a consumer, much

---

[1] Although *Tashman* interprets the Federal Trade Commission Act, not the GFBPA, the GFBPA is "interpreted and construed consistently with interpretations given by the Federal Trade Commission in the federal courts pursuant to Section 5(a)(1) of the Federal Trade Commission Act . . . ." *Georgia ex rel. Carr v. Elite Integrated Med., LLC*, 533 F. Supp. 3d 1303, 1312 n.4 (N.D. Ga. 2021) (Totenberg, J.).

less a consumer acting reasonably.  Griffin's "fanciful interpretation" of the labels cannot support Griffin's claim under FDUTPA or under GFBPA.  *Hoffman v. Kraft Heinz Foods Co.*, 2023 WL 1824795 (S.D.N.Y. 2023) (Karas, J.) (dismissing with prejudice a claim that a product's label stating "natural flavor with other natural flavors" misleads consumers because the product allegedly contained an artificial type of malic acid); *Boss v. Kraft Heinz Co.*, 2023 WL 5804234 (N.D. Ill. 2023) (Coleman, J.) (same); *Gouwens v. Target Corp.*, 2022 WL 18027524 (N.D. Ill. 2022) (Johnston, J.) (same).[2]

Griffin's remaining claims fare no better.  Griffin asserts a claim for false and misleading advertising under Section 817.41, Florida Statutes, and a claim for fraud. To assert a claim for false and misleading advertising, Griffin must establish "[(1)] [Publix] made a misrepresentation of a material fact; [(2)] [Publix] knew or should have known of the falsity of the statement; [(3)] [Publix] intended that the representation would induce another to rely and act on it; and [(4)] the plaintiff suffered injury in justifiable reliance on the representation . . . ."  *Joseph v. Liberty Nat. Bank*, 873 So. 2d 384, 388 (Fla. 5th DCA 2004).  Because a claim under Section 817.41 requires the plaintiff to establish each element of a claim for fraud in the inducement, the elements to establish a claim for false and misleading advertising are almost identical to a Florida claim for fraud.  *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022) (citing *Butler v. Yusem*, 44 So. 3d 102, 105

---

[2] Although these decisions are not binding, *Hoffman*, *Boss*, and *Gouwens* are persuasive because the decisions are factually similar. Each decision dismisses a claim based on a state consumer protection statute that requires a plaintiff to establish that a label would mislead a consumer acting reasonably.

(Fla. 2010), and explaining that, "[u]nder Florida law, the elements of fraud are '(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) the consequent injury by the party acting in reliance on the representation'"). But like his claims under FDUTPA and GFBPA, Griffin's allegations cannot support a claim for false and misleading advertising or a claim for fraud. No well-pleaded allegation establishes that Publix misrepresented a "material fact" on the label. *See Piescik v. CVS Pharmacy, Inc.*, 576 F. Supp. 3d 1125, 1134 (S.D. Fla. 2021) (Middlebrooks, J.) (dismissing with prejudice several claims, including a claim for false and misleading advertising under Section 817.41, based on a hand sanitizer label that claimed to "kill 99.99% of germs" despite the hand sanitizer's not "kill[ing] 99.99% of *all* germs") (emphasis in original).

Further, although Griffin claims that Publix charged a "premium price" for the cereal bars, Griffin offers no allegation establishing the price of the bars without the alleged omission from the label. And Griffin offers no other allegation establishing his alleged injury. *Ramirez v. Kraft Heinz Foods Co.*, 684 F. Supp. 3d 1253, 1259–60 (S.D. Fla. 2023) (Bloom, J.) (dismissing without prejudice claims based on the allegedly misleading label on "microwaveable single serve cups of mac and cheese" and observing that the complaint "contains no factual allegations of the price [the plaintiff] might have paid" absent the alleged misrepresentation on the label).

For these reasons and others stated by Publix, the motion to dismiss is **GRANTED**. *Akers v. Costco Wholesale Corp.*, 631 F. Supp. 3d 625 (S.D. Ill. 2022)

(Rosenstengel, C.J.) (dismissing without prejudice a complaint that asserted several claims based on a label's failure to disclose that a "sparkling flavored water" contained artificial flavors).  The complaint is **DISMISSED**.  No later than **JUNE 14, 2024**, Griffin may amend the complaint and plead facts sufficient to support his claims.  In any amended complaint, Griffin (1) must plead facts sufficient to establish that he complied with GFBPA's notice requirement;[3] (2) must state specifically what kind of cereal bar he purchased, how the cereal bar was labeled, and when he purchased the cereal bar;[4] and (3) must allege facts sufficient to establish that Griffin can assert class claims under a Florida statute.[5]

ORDERED in Tampa, Florida, on May 22, 2024.

_____

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

_____

[3] Under GFBPA, a plaintiff must notify the defendant at least thirty-days before suing the defendant. This notice is a "prerequisite" to an action under GFBPA; failure to comply results in the dismissal of the GFBPA claim. *Steed v. Fed. Nat. Mortg. Corp.*, 689 S.E.2d 843, 851 (2009); *Carder v. Graco Children's Prod., Inc.*, 558 F. Supp. 3d 1290, 1328 (N.D. Ga. 2021) (May, J.).

[4] The complaint alleges that Griffin "purchased the Publix apple cinnamon and/or strawberry cereal bars identified here with the labeling identified here at Publix stores in Georgia between July 2019 and July 2023." Griffin appears uncertain what kind of cereal bar he purchased and offers a four-year period within which Griffin allegedly purchased the bars. Because the applicable limitation for a claim under the GFBPA is two years, Griffin can assert no GFBPA claim that accrued before July 5, 2021. *Amin v. Mercedes-Benz USA, LLC*, 301 F. Supp. 3d 1277, 1291 (N.D. Ga. 2018) (Totenberg, J.). Further, Publix clarifies that the labels stating "naturally flavored" were discontinued in 2020.

[5] Generally, a named plaintiff can assert no claim under a statute of a state in which the plaintiff neither resides nor suffers an injury. *See Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280, 291 (N.D. Ohio 2020) (Oliver, J.); *In re Checking Acct. Overdraft Litig.*, 694 F. Supp. 2d 1302, 1325 (S.D. Fla. 2010) (King, J.); *In re Flonase Antitrust Litig.*, 610 F. Supp. 2d 409, 418 (E.D. Pa. 2009) (Brody, J.) ("Because no named Plaintiff has alleged injury in Florida or sufficient contact with Florida, the named Plaintiffs have not stated a claim under Florida's consumer protection statute.").